**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LODSYS GROUP, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. §     CIVIL ACTION NO. 2:12-cv-290 <br> § <br> AVG TECHNOLOGIES USA, INC.; § <br> GFI SOFTWARE, INC.; §     **JURY TRIAL DEMANDED** <br> KASPERSKY LAB, INC.; § <br> RAXCO SOFTWARE, INC.; § <br> SYMANTEC CORPORATION; § <br> WEBROOT SOFTWARE, INC.; § <br> § <br> Defendants. § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendants, alleges as follows:

**THE PARTIES**

1.  Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.  Defendant AVG Technologies USA, Inc. ("AVG") is a Delaware corporation with its principal place of business in Chelmsford, Massachusetts.

3.  Defendant GFI Software, Inc. ("GFI") is a Delaware corporation with its principal place of business in Clearwater, Florida.

4.  Defendant Kaspersky Lab, Inc. ("Kaspersky") is a Massachusetts corporation with its principal place of business in Woburn, Massachusetts.

5.  Defendant Raxco Software, Inc. ("Raxco") is a Delaware corporation with its principal place of business in Gaithersburg, Maryland.

6.  Defendant Symantec Corporation ("Symantec") is a Delaware corporation with its principal place of business in Mountain View, California.

7. Defendant Webroot Software, Inc. ("Webroot") is a Delaware corporation with its principal place of business in Broomfield, Colorado.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

9. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

10. Defendants are properly joined in this action because each of the defendants make or utilize infringing antivirus and security products and/or services and/or the same infringing process.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

11. On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

12. Defendant AVG has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of

others, one or more of the claims of the '565 patent. AVG manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products and/or services, including but not limited to AVG Internet Security 2011, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

13. Defendant GFI has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. GFI manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products and/or services, including but not limited to Vipre Antivirus, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

14. Defendant Kaspersky has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Kaspersky manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products and/or services, including but not limited to Kaspersky Internet Security 2011, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

15. Defendant Raxco has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Raxco manufactures, uses, sells, imports, and/or offers to sell infringing antivirus, security, and defragmentation products and/or services, including but not limited to AntivirusPlus 2012 and PerfectDisk, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

16. Defendant Symantec has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Symantec manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products, including but not limited to Norton 360, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

17. Defendant Webroot has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Webroot manufactures, uses, sells, imports, and/or offers to sell infringing antivirus and security products and/or services, including but not limited to Webroot Antivirus with Spy Sweeper, which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

18. Defendants AVG, GFI, Kaspersky, Raxco, Symantec, Webroot's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2**

19. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

20. Defendant AVG has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. AVG makes, sells, offers to sell, and/or uses infringing antivirus and security products and/or services, including but not limited to AVG Internet Security 2011, and computer server(s) in conjunction with such products to manage user interactions and to collect data, and live interactive chat and feedback soliciting FAQs, including

4

but not limited to live interactive chat and feedback soliciting FAQs on www.avg.com, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

21. Defendant GFI has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. GFI makes, sells, offers to sell, and/or uses infringing antivirus and security products and/or services, including but not limited to Vipre Antivirus, and computer server(s) in conjunction with such products to manage user interactions and to collect data, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

22. Defendant Kaspersky has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Kaspersky makes, sells, offers to sell, and/or uses infringing antivirus and security products and/or services, including but not limited to Kaspersky Internet Security 2011, and computer server(s) in conjunction with such products to manage user interactions and to collect data, and live interactive chat, including but not limited to live interactive chat and feedback soliciting FAQs on www.kaspersky.com, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

23. Defendant Raxco has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Raxco makes, sells, offers to sell, and/or uses infringing antivirus, security, and defragmentation products and/or services, including but not limited to AntivirusPlus 2012 and PerfectDisk, and computer server(s) in conjunction with such products to manage user interactions and to collect data, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

24. Defendant Symantec has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Symantec makes, sells, offers to sell, and/or uses infringing antivirus and security products and/or services, including but not limited to

Norton 360, and computer server(s) in conjunction with such products to manage user interactions and to collect data, and live interactive chat, including but not limited to live interactive chat on www.symantec.com, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

25.     Defendant Webroot has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Webroot makes, sells, offers to sell, and/or uses infringing antivirus and security products and/or services, including but not limited to Webroot Antivirus with Spy Sweeper, and computer server(s) in conjunction with such products to manage user interactions and to collect data, and live interactive chat and feedback soliciting FAQs, including but not limited to live interactive chat and feedback soliciting FAQs on www.avg.com, which infringe at least claim 69 of the '078 patent under 35 U.S.C. § 271.

26.     Defendants AVG, GFI, Kaspersky, Raxco, Symantec, Webroot's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a) Declaration that (1) Defendants AVG, GFI, Kaspersky, Raxco, Symantec, and Webroot have infringed U.S. Patent No. 7,620,565; and (2) Defendants AVG, GFI, Kaspersky, Raxco, Symantec, and Webroot have infringed U.S. Patent No. 7,222,078;

(b) Awarding the damages arising out of (1) Defendants AVG, GFI, Kaspersky, Raxco, Symantec, Webroot's infringement of U.S. Patent No. 7,620,565; and (2) Defendants AVG, GFI, Kaspersky, Raxco, Symantec, Webroot's infringement of U.S. Patent No. 7,222,078; to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c) Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,620,565, U.S. Patent No. 7,222,078, or in the alternative, awarding a royalty for post-judgment infringement;

(e) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f) Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  May 10, 2012                            Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. "Bo" Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Phone:  (903) 230-9090
Fax:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
Kit W. Roth
**KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC**
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Phone:  (206) 452-0260
Fax:  (206) 397-3062
Email: goldfarb@kdg-law.com
            huck@kdg-law.com
            roth@kdg-law.com

Attorneys for Plaintiff Lodsys Group, LLC