# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 2:12-cv-290 |
| | § |
| AVG TECHNOLOGIES USA, INC.; | § |
| GFI SOFTWARE, INC.; | § **JURY TRIAL DEMANDED** |
| KASPERSKY LAB, INC.; | § |
| RAXCO SOFTWARE, INC.; | § |
| SYMANTEC CORPORATION; | § |
| WEBROOT SOFTWARE, INC., | § |
| | § |
| Defendants. | § |
| | § |

## DEFENDANT SYMANTEC CORPORATION'S ANSWER AND COUNTERCLAIMS TO LODSYS GROUP LLC'S COMPLAINT FOR PATENT INFRINGEMENT

### I. ANSWER

Defendant Symantec Corporation ("Symantec") hereby responds to Plaintiff Lodsys Group, LLC's ("Lodsys") Complaint as follows:

### THE PARTIES

1.   Symantec is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint and therefore denies them.

2.   Paragraph 2 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

3. Paragraph 3 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

4. Paragraph 4 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

5. Paragraph 5 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

6. Symantec admits that it is a Delaware corporation with its principal place of business in Mountain View, California.

7. Paragraph 7 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

**JURISDICTION AND VENUE**

8. Symantec admits that this Court has subject matter jurisdiction over actions arising under 35 U.S.C. § 1 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1338(a). Symantec denies that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) and reserves the right to move to transfer venue pursuant to 28 U.S.C. § 1404(a) as venue in one or more other Districts would clearly be more convenient and/or would better serve the interests of

judicial economy. Symantec denies that it has committed acts of infringement in this or any other District. To the extent not yet commented on, Symantec is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8 and therefore denies them.

9. Symantec admits that personal jurisdiction is proper over Symantec in this Court. Symantec admits that it conducts business within the Eastern District of Texas, within the state of Texas and within the United States. To the extent not yet commented on, Symantec is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 9 and therefore denies them.

10. Symantec denies that the defendants are properly joined in this action, at least because the defendants are not alleged to have acted jointly and the allegations of infringement against them do not arise out of or relate to the same transaction or occurrence, or the same accused product. Symantec admits that it manufactures and sells antivirus and security products and provides services related to its antivirus and security products. Symantec denies that it has committed acts of infringement in this or any other District. Symantec is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 10 of the Complaint and therefore denies them.

### INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

11. Symantec admits that a purported copy of U.S. Patent No. 7,620,565 B2 (the "'565 patent") was attached to the Complaint as Exhibit A. Symantec admits that on its face the '565 patent is titled "CUSTOMER-BASED PRODUCT DESIGN MODULE" and was issued on November 17, 2009. Symantec is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 11 of the Complaint and therefore denies them.

12. Paragraph 12 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

13. Paragraph 13 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

14. Paragraph 14 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

15. Paragraph 15 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

16. Symantec denies the averments in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

18. Symantec denies any averments in paragraph 18 to the extent that they relate to Symantec. Paragraph 18 of the Complaint purports to aver facts regarding other named defendants to which no response by Symantec is required.

### INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

19. Symantec admits that a purported copy of U.S. Patent No. 7,222,078 B2 (the "'078 patent") was attached to the Complaint as Exhibit B. Symantec admits that on its face the '078 patent is titled "METHODS AND SYSTEMS FOR GATHERING INFORMATION FROM UNITS OF A COMMODITY ACROSS A NETWORK" and was issued on May 22, 2007. Symantec is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 19 of the Complaint and therefore denies them.

20. Paragraph 20 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

21. Paragraph 21 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

22. Paragraph 22 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

23. Paragraph 23 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments

against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

24. Symantec denies the averments of paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint purports to aver facts regarding another named defendant to which no response by Symantec is required. To the extent it makes averments against Symantec, Symantec lacks knowledge or information sufficient to form a belief as to the truth of any such averments and therefore denies them.

26. Symantec denies the averments in paragraph 26 to the extent that they relate to Symantec. Paragraph 26 of the Complaint purports to aver facts regarding other named defendants to which no response by Symantec is required.

## JURY DEMAND

Symantec admits that Lodsys has requested a trial by jury on all issues.

## PRAYER FOR RELIEF

Symantec denies that Lodsys is entitled to any relief whatsoever, and specifically denies each and all of the averments and prayers for relief contained in paragraphs a-f of Lodsys's prayer for relief.

## II. AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Symantec avers as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1. Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, U.S. Patent No. 7,620,565 B2 (the "'565 patent").

2. Symantec has not infringed and does not infringe, directly or indirectly, literally or by the doctrine of equivalents, U.S. Patent No. 7,222,078 B2 (the "'078 patent").

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

3. The '565 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. The '078 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and laws related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

5. By reason of the prior art and/or statements and representations made to and by the Patent and Trademark Office during the prosecution of the applications that led to the issuance of the '565 and '078 patents, the '565 and '078 patents are so limited that none of the claims can be construed as covering any activity or product of Symantec.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

6. Lodsys's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286-287.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Recovery of Costs)

7. Pursuant to 35 U.S.C. § 288, Lodsys is barred from recovery of costs.

## SIXTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

8. Lodsys cannot satisfy the requirements applicable to its request for injunctive relief, in any form.

### SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

9. Lodsys's claims against Symantec are barred, in whole or in part, under the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Actual License, Implied License, and/or Exhaustion)

10. Symantec is not liable, in whole or in part, pursuant to the doctrines of actual license, implied license, and/or patent exhaustion.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and/or Unclean Hands)

11. Lodsys is barred or limited from recovering damages from Symantec, in whole or in part, under principles of equity, including waiver, estoppels, and/or unclean hands.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

12. The Complaint, and each and every purported claim for relief therein, fails to state a claim for relief against Symantec.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Joinder under 35 U.S.C. § 299)

13. Symantec is not properly joined with the other Defendants in this action under 35 U.S.C. § 299, at least because Defendants are not alleged to have acted jointly, and the allegations against them do not arise out of or relate to the same transaction or occurrence, or the same accused product.

### RESERVATION OF ADDITIONAL DEFENSES

14. Symantec reserves the right to assert additional affirmative and other defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## III.  COUNTERCLAIMS

For its Counterclaims against Plaintiff Lodsys Group, LLC ("Lodsys"), Defendant and Counterclaimant Symantec Corporation ("Symantec") avers as follows:

### PARTIES

1. Symantec is a Delaware corporation with its principal place of business at 350 Ellis Street, Mountain View, California, 94043.

2. Upon information and belief, and as alleged in the Complaint, Plaintiff and Counterclaim Defendant Lodsys is a Texas limited liability company having a principal place of business in the State of Texas.

### JURISDICTION AND VENUE

3. Symantec counterclaims against Lodsys pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. This Court has personal jurisdiction over Lodsys by virtue of, *inter alia*, Lodsys's filing of the Complaint in this Court.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).  Lodsys has waived any objection to venue by appearing in this Court and filing its Complaint.

7. An actual, live and justiciable controversy exists between Symantec and Lodsys, by virtue of Lodsys's Complaint in this action and Symantec's Answer, as to whether U.S. Patent

No. 7,620,565 B2 (the "'565 patent") and U.S. Patent No. 7,222,078 B2 (the "'078 patent") are invalid and/or infringed by Symantec.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,620,565)

8. Symantec restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

9. Lodsys claims to be the owner of the '565 patent and claims to have the right to enforce the '565 patent.

10. Lodsys in this action alleges infringement of the '565 patent by Symantec.

11. Symantec has not infringed and is not infringing, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '565 patent. Symantec is not liable for any infringement of any valid claim of the '565 patent.

12. Absent a declaration of noninfringement of the '565 patent, Lodsys will continue to assert the '565 patent against Symantec and will in this way cause damage to Symantec.

13. Accordingly, Symantec seeks a judgment holding that it does not infringe in any way any claim of the '565 patent.

## SECOND COUNTERCLAIM
### (Declaration of Non-Infringement of U.S. Patent No. 7,222,078)

14. Symantec restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

15. Lodsys claims to be the owner of the '078 patent and claims to have the right to enforce the '078 patent.

16. Lodsys in this action alleges infringement of the '078 patent by Symantec.

17. Symantec has not infringed and is not infringing, directly or indirectly, literally or by the doctrine of equivalents, any valid claim of the '078 patent. Symantec is not liable for any infringement of any valid claim of the '078 patent.

18. Absent a declaration of noninfringement of the '078 patent, Lodsys will continue to assert the '078 patent against Symantec and will in this way cause damage to Symantec.

19. Accordingly, Symantec seeks a judgment holding that it does not infringe in any way any claim of the '078 patent.

### THIRD COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,620,565)

20. Symantec restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

21. Lodsys claims to be the owner of the '565 patent and claims to have the right to enforce the '565 patent.

22. Lodsys in this action alleges infringement of the '565 patent by Symantec.

23. The '565 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States code, or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

24. Absent a declaration of invalidity, Lodsys will continue to assert the '565 patent against Symantec and will in this way cause damage to Symantec.

25. Accordingly, Symantec seeks a judgment declaring the '565 patent is invalid.

### FOURTH COUNTERCLAIM
### (Declaration of Invalidity of U.S. Patent No. 7,222,078)

26. Symantec restates and incorporates by reference paragraphs 1 through 7 of its Counterclaims as though fully set forth herein.

27.     Lodsys claims to be the owner of the '078 patent and claims to have the right to enforce the '078 patent.

28.     Lodsys in this action alleges infringement of the '078 patent by Symantec.

29.     The '078 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States code, or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

30.     Absent a declaration of invalidity, Lodsys will continue to assert the '078 patent against Symantec and will in this way cause damage to Symantec.

31.     Accordingly, Symantec seeks a judgment declaring the '078 patent is invalid.

## PRAYER FOR RELIEF

Wherefore, Symantec prays for relief with respect to Lodsys's Complaint and Symantec's Affirmative and Other Defenses and Counterclaims as follows:

A.      That Lodsys's Complaint be dismissed with prejudice and that the relief requested by Lodsys and any relief whatsoever in favor of Lodsys be denied;

B.      That this Court find and declare that the '565 patent is not infringed by Symantec and that Symantec is not liable as an infringer;

C.      That this Court find and declare the '565 patent invalid;

D.      That this Court find and declare that the '078 patent is not infringed by Symantec and that Symantec is not liable as an infringer;

E.      That this Court find and declare the '078 patent invalid;

F.      That this Court declare this case to be exceptional and award Symantec its attorneys' fees and costs;

  G. That this Court grant Symantec such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Symantec respectfully requests a jury trial on all issues so triable.

Dated: August 10, 2012       Respectfully submitted,

                **FENWICK & WEST LLP**

                By: */s/ William Alexander Moseley, Jr.*
                  Michael J. Sacksteder
                  CA Bar No. 191605 (Admitted E.D. Tex)
                  msacksteder@fenwick.com
                  David D. Schumann
                  CA Bar No. 223936 (Admitted E.D. Tex)
                  dschumann@fenwick.com
                  Lauren E. Whittemore
                  CA Bar No. 255432 (Admitted E.D. Tex)
                  lwhittemore@fenwick.com
                  William Alexander Moseley, Jr.
                  CA Bar No. 278740 (Admitted E.D. Tex)
                  wmoseley@fenwick.com

                  FENWICK & WEST LLP
                  555 California Street, 12th Floor
                  San Francisco, CA  94104
                  Telephone:   415.875.2300
                  Facsimile:    415.281.1350

                  Attorneys for Defendant
                  SYMANTEC CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certified that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of August, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ William Alexander Moseley, Jr.*
William Alexander Moseley, Jr. (Admitted E.D. Tex)